UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE T. STRINGER,<br><br>            Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>            Defendant. | No.  2:17-cv-0145 JAM AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Plaintiff filed this action while a state prisoner at Ironwood State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR), challenging the failure of CDCR officials to apply the provisions of Proposition 57 to reduce his sentence.  It appears that plaintiff is no longer incarcerated under the authority of CDCR.[1]  The court nevertheless addresses the substance of his complaint, filed pursuant to 42 U.S.C. § 1983, and his request for leave to proceed in forma pauperis, filed pursuant to 28 U.S.C. § 1915.  For the

---

[1]  Review of the Inmate Locator website operated by CDCR indicates that plaintiff is no longer incarcerated under the authority of the CDCR.  See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

reasons that follow, the court grants plaintiff's request to proceed in forma pauperis but recommends that his complaint be dismissed without leave to amend.

## II.    In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  See ECF Nos. 2, 5.  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## III.    Screening of Plaintiff's First Amended Complaint

### A.    Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.    Plaintiff's Allegations

Asserting legal claims of "equality [of] rights, false imprisonment, mental abuse, obstruction of justice, [and] conduct that shocks the general conscience or is intolerable in fundamental fairness," the complaint alleges that plaintiff received inconsistent responses from various CDCR officials and employees concerning the application of Proposition 57 to his sentence.  Plaintiff alleges that officials have failed to address the impact of Proposition 57 on his sentencing credits and parole eligibility, causing him significant mental distress, loss of hair and eczema, and postponed his song writing career.  See ECF No. 1 at 1-5.  Plaintiff seeks, inter alia, "500 dollars for every counselor that [k]new I was eligible and didn't tell me for each extra day I spent in prison."  Id. at 6.

Attached to the complaint is a copy of a letter, dated December 27, 2016, from a Deputy Clerk of the Sacramento County Superior Court, informing plaintiff that the "functions and responsibilities under Proposition 57 are not performed by the courts," but by CDCR.  Id. at 17.

### C.    Analysis

In 2016, California voters approved Proposition 57 (the "Public Safety and Rehabilitation Act of 2016"), which amended the California Constitution to provide, inter alia, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," and provides CDCR with express "authority to award credits earned for good behavior and approved rehabilitative or educational achievements."  Cal. Const. Art. I, § 32(a)(1), (2).  Hence, interpretation and application of Proposition 57 are state law matters that are not cognizable in federal court, particularly in the first instance.  For this reason, plaintiff's complaint must be dismissed, and the court further finds that amendment would be futile.  See Hartmann v.CDCR,

////

707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4